Hash, C. J.
 

 There is no controversy as to the facts o f case: the bill was drafted doubtless on the authority of
 
 Brown
 
 
 *50
 
 v.
 
 Long,
 
 2 Dev. and Bat. Eq. 138: Between that case and tliis, however, there is a substantial difference. All the parties were there, before the Court by personal service. Here, only Jones has been served with a subpoena. The other defendant Bowen, the principal, having left the State, is a party only by notice under the act of Assembly. In Long’s case, the decree was placed on the ground that the defendant was a debtor discharged under the insolvent law, and the property, sought to be subjected, was acquired after his discharge.— That case was rightly decided. The subsequent case of
 
 Yarbrough
 
 v. Arrington, 5 Ire, Eq. 291, is decisive of this. The bill was dismissed because no decree, that • could be made, would effectually protect the defendant in making the payment to the plaintiff, which it would require of him. The bill alleged that Thomas Yarbrough owed a debt to the plaintiff which had been reduced to a judgment, and that he had, in this State, no-property out of which the debt could be raised, but the distributive share of his wife in the estate of her 'father, and prayed a decree for satisfaction out of that share. Thomas Yarbrough and wife, were living in Arkansas-, and they were made parties by advertisement, and the bill taken
 
 pro oonfesso
 
 as to them: A subpoena was served on Nicholas Arrington, the adm’r of Frederick Battle, the father of Mrs. Yarbrough. The Court say, as Yarbrough and wife have not been served with process, nor appeared in the cause, the decree would have no binding extra-territorial effect, and the Courts of Arkansas would not enforce it; and if the plaintiff could not enforce it abroad against Yarbrough and wife, because they were not parties to it by personal service or by appearance, it is clear that for the same reason, it could not be set up as a defence by Arrington to a demand by Yarbrough and wife for her ditributive share: and the Court use this emphatic language, “The consequence would be that Arrington could not put his foot out of North Carolina without exposing himself to a suit for the distributive' share, and would have to pay it again.”
 

 In our case, the defendant, Bowen, had left the State before the filing of the bill, and no process has been served on him,
 
 *51
 
 nor lias lie appeared in the suit: if a decree should be made against the defendant Jones for the amount he may still owe to Bowen, the latter not being a party to the proceedings, would not be bound by them, and of course they would afford no no protection to Jones, if sued abroad by Bowen for the amount due. The Court, in Arrington’s case, further say that under the attachment law, a debtor might be subjected to the payment of the debt twice; but there is no statute in this State authorizing an attachment in Equity, which in substance, the bill in that case was: and the bill in this case, is so likewise. The Court cannot make the decree asked for, but must dismiss the.bill with costs.
 

 Peb Curiam. Decree accordingly.